**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 4, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 04-10496
Summary Calendar

—————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

DANIEL BELMONTE-MARTIN,
also known as Jose Angel Rivera,
also known as Jose Angel Rivera Martinez,
also known as Raul Trejo,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-359-ALL-D
--------------------

Before JOLLY, JONES and OWEN, Circuit Judges.

PER CURIAM:[*]

        Daniel Belmonte-Martin ("Belmonte") appeals the sentence imposed following his guilty plea to illegal reentry into the United States following deportation.  This court remanded Belmonte's case for the limited purpose of clarifying the record as to whether the district court accepted or rejected the plea agreement at Belmonte's sentencing.  The district court has issued a memorandum and order stating that it implicitly accepted the plea

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement. Now this court must determine whether the sentencing issues raised by Belmonte on appeal are barred by the appellate-waiver provision contained in his plea agreement.

Belmonte raises the following sentencing issues on appeal: (1) whether the district court violated Belmonte's Sixth Amendment rights by imposing a sentence enhancement based upon the court's determination that Belmonte's prior burglary conviction constituted a crime of violence under U.S.S.G. § 2L1.2(B)(1)(A)(ii); (2) whether the district court plainly erred in sentencing Belmonte to more than two years under 8 U.S.C. § 1326 when the fact of his prior conviction had not been pleaded in the indictment or proven to a jury beyond a reasonable doubt; and (3) whether Belmonte's sentence is unconstitutional, in light of United States v. Booker, 125 S. Ct. 738 (2005), because he was sentenced under a mandatory guideline scheme. Belmonte asserts that the plea agreement, which reserved the right to appeal a sentence in excess of the statutory maximum, does not bar the above claims because his sentence exceeds the "statutory maximum" as that term is defined in Blakely v. Washington, 124 S. Ct. 2531 (2004).

By its plain language, Belmonte's knowing and voluntary appeal waiver bars his claims as he was not sentenced above the statutory maximum, that is, "the upper limit of punishment that Congress has legislatively specified for violation of a statute." See United States v. Bond, __ F.3d __, No. 04-41125, 2005 WL 1459641, at ** 3-

4 (5th Cir. June 21, 2005); 8 U.S.C. § 1326(b)(2).  Accordingly, his appeal is DISMISSED.