United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10911
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW LEE GRAD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-44-ALL-L
USDC No. 3:04-CR-122-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Matthew Lee Grad appeals the sentence imposed following his guilty-plea conviction for three counts of bank robbery in violation of 18 U.S.C. § 2113(a) & (d).  He argues that the waiver of appeal provision in his plea agreement does not bar his appeal because he reserved the right to appeal a sentence exceeding the statutory maximum punishment.  In United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005), we determined that there was no indication in the plea agreement that the parties meant for the term "statutory maximum" to be accorded the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

definition used in United States v. Booker, 125 S. Ct. 738 (2005).  Bond, 414 F.3d at 545-46.  We therefore applied the usual and ordinary meaning of the term, i.e., "the upper limit of punishment that Congress had legislatively specified for violation of a statute."  Id.

In light of Bond, we interpret the virtually identical appeal waiver in the instant case as using the usual and ordinary meaning of the term "statutory maximum" to mean the upper limit of punishment specified by Congress in enacting the statute under which Grad was convicted, 18 U.S.C. § 2113(a) & (d).  See id. Because Grad's 84-month sentence did not exceed the 25-year statutory maximum sentence for Grad's offenses, the exception to the waiver of appeal provision does not apply to Grad's appeal. 18 U.S.C. § 2113(d).  Therefore, Grad's appeal of his sentence is barred by the appeal waiver, and Grad's appeal is DISMISSED. Because Grad waived the right to appeal his sentence, we need not address his Sixth Amendment claim relating to his sentence.

APPEAL DISMISSED.