United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40070
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO ELIZALDE-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-674-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfonso Elizalde-Sanchez (Elizalde) appeals his sentence for being present in the United States after having been deported following a felony conviction. For the first time on appeal, Elizalde asserts that the district court's belief during sentencing that the Federal Sentencing Guidelines were mandatory, rather than advisory, is reversible error under United States v. Booker, 543 U.S. 220 (2005). In his plea agreement, Elizalde waived his right to appeal his sentence, and this waiver encompasses his Booker claim. See United States v. Burns, 433

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 442, 446-50 (5th Cir. 2005); <u>United States v. Bond</u>, 414 F.3d 542, 545-46 (5th Cir. 2005); <u>United States v. McKinney</u>, 406 F.3d 744, 746-47 (5th Cir. 2005).  This portion of the appeal is therefore dismissed.

Elizalde asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Elizalde's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Elizalde contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Elizalde properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED IN PART; DISMISSED IN PART.