United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10283
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER GARCIA, also known as 6-5(2),

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-228-2-G
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Christopher Garcia appeals his sentence following his plea
of guilty to one count of conspiracy to distribute cocaine base
("crack cocaine").  Garcia argues that the district court clearly
erred in finding that members of the two street gangs involved
in the offense participated in a jointly undertaken criminal
activity--a conspiracy--for purposes of U.S.S.G. § 1B1.3(a)(1)(B)
and further challenges the drug quantity calculation methodology
adopted by the district court in determining his relevant conduct

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for sentencing. The district court did not clearly err in finding that a jointly undertaken criminal activity existed for purposes of § 1B1.3(a)(1)(B). See United States v. Hull, 160 F.3d 265, 268-69 (5th Cir. 1999). The district court's estimate of the drug quantity attributable to Garcia as relevant conduct also was not clearly erroneous. See United States v. Medina, 161 F.3d 867, 876 (5th Cir. 1998).

The Government argues that Garcia's remaining appellate arguments are barred by the waiver provision in Garcia's plea agreement. Garcia does not suggest that his waiver was other than knowing and voluntary. Because Garcia's challenge to the penalties for crack cocaine is within the scope of the waiver and is not covered by an exception to the waiver, the issue is barred by the waiver, and as to this issue the appeal is dismissed. See United States v. Bond, 414 F.3d 542, 544-46 (5th Cir. 2005).

Garcia argues that the district court erred by denying him a two-level adjustment pursuant to § 3B1.2(b) based on his minor role in the offense. The district court did not clearly err in denying a reduction for a minor role in the offense because Garcia did not meet his burden of showing that his role was "peripheral" to the advancement of the conspiracy. See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Garcia further argues the district court should have considered adequately "the individual facts" in imposing sentence

in the light of United States v. Booker, 543 U.S. 220 (2005). Even if this issue is not barred by Garcia's appeal waiver, Garcia is not entitled to relief because his sentence, at the lowest end of the applicable Sentencing Guidelines range, is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006).

DISMISSED IN PART; AFFIRMED IN PART.