United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50380
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ALBERTO VELAZQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-409
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Alberto Velazquez pleaded guilty to possession with intent to

distribute 100 kilograms or more of marijuana and was sentenced to pay a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$10,000 fine and to serve 57 months of imprisonment to be followed by five years of nonreporting supervised release.

Velazquez argues that the district court erred in considering statements made ex parte, in camera by the case agent and by Velazquez during debriefings in determining the sentence. The Government seeks to enforce the appeal waiver provision of the plea agreement in which Velazquez waived "any right to appeal the sentence on any grounds." Velazquez contends that his case falls within exceptions to the appeal waiver for ineffective assistance of counsel and prosecutorial misconduct. He asserts that counsel's failure to object to the court's taking, and the prosecutor's failure to prevent the case agent from making, ex parte statements constitute, respectively, ineffective assistance and prosecutorial misconduct. Velazquez, however, does not properly brief ineffective assistance and prosecutorial misconduct claims.

Velazquez does not challenge the validity of his guilty plea or the sentence-appeal waiver. The record shows that the waiver was knowing and voluntary and, under the plain language of the plea agreement, the waiver applies to the issues raised on appeal. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). Velazquez's assertion that defense and government counsel had a duty to object to the district court's use of the

case agent's testimony and Velazquez's debriefings does not bring the issue raised on appeal -- that the district court erred at sentencing -- into the exceptions to the waiver. As such, we do not address the merits of Velazquez's challenge to his sentence.

Accordingly, the judgment of the district court is AFFIRMED.