United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40589
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER HERNANDEZ-PENALOSA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(2:05-CR-663-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Hernandez-Penalosa appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission following deportation.

Hernandez-Penalosa challenges his sentence, arguing that because the district court did not state that the Sentencing Guidelines are advisory, did not consider his mitigating evidence, and imposed a sentence identical to that which would have been imposed under the mandatory Guidelines scheme, the sentencing court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effectively treated the Guidelines as mandatory. The government seeks to enforce Hernandez-Penalosa's sentencing waiver of appeal. The record shows that the waiver was knowing and voluntary and, based on the plain language of the agreement, applies to the circumstances at hand. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). Accordingly, we do not address Hernandez-Penalosa's sentencing challenge. See id. at 546.

Hernandez-Penalosa argues that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), his 57-month term of imprisonment exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense, which must be found by a jury. Hernandez-Penalosa's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez-Penalosa properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, and that he raises it here

solely to preserve it for further review. We GRANT the government's unopposed motion for summary affirmance of this issue.

The government moved for dismissal of the appeal as barred by Hernandez-Penalosa's waiver of appeal. As the challenge to the constitutionality of § 1326(b) is arguably not waived, the motion to dismiss is DENIED. As it is clear, however, that Hernandez-Penalosa's appeal of his sentence is barred by his waiver and that his sentence should be affirmed, the government's motion for an extension of time to file a brief is DENIED as unnecessary. For the foregoing reasons Hernandez-Penalosa's sentence is AFFIRMED.