United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-50097
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DE JESUS HERNANDEZ BETANCOURT, also known as Jose Hernandez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(3:05-CR-1082-ALL)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose De Jesus Hernandez Betancourt appeals his 46-month sentence following his guilty-plea conviction for one count of mail fraud. Hernandez contends: for sentencing, the Government withheld exculpatory evidence in violation of ***Brady v. Maryland***, 373 U.S. 83, 87 (1963); the district court erred by failing to order its disclosure and using, at sentencing, it to calculate the amount of loss and number of victims; and his counsel rendered ineffective assistance (IAC) by failing to obtain that evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Hernandez fails to show the exculpatory nature of the documents he requested, his **Brady** claim is without merit. *See* **United States v. Moore**, 452 F.3d 382, 387 (5th Cir.), *cert. denied*, 127 S. Ct. 423 (2006).

To the extent Hernandez challenges the sentencing findings, his claim is barred by the appeal waiver in his plea agreement. *See* **United States v. Bond**, 414 F.3d 542, 544 (5th Cir. 2005). His claim that the district court erred in failing to order the disclosure of exculpatory evidence is without merit because, as noted, he fails to show the exculpatory nature of the requested documents.

Finally, because Hernandez did not assert IAC in district court, there was no opportunity to develop a record on the issue. Accordingly, we decline to review the claim on direct appeal. *See* **United States v. Higdon**, 832 F.2d 312, 313-14 (5th Cir. 1987).

*AFFIRMED*