IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-51372
Conference Calendar

UNITED STATES OF AMERICA

                              Plaintiff-Appellee

v.

CARLOS GUERRERO

                              Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-961-2

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Guerrero appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Guerrero argues that the government violated the terms of his plea agreement by failing to recommend a sentence below the statutory minimum pursuant to the application of the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, further causing the district court to plainly err by imposing the sentence without considering the safety valve. The Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that Guerrero's appeal is barred by the appeal waiver in his plea agreement.

In the appeal waiver, Guerrero waived his right to appeal his conviction and sentence on any ground except for prosecutorial misconduct, ineffective assistance of counsel, and a sentence above the statutory maximum. The record shows that the appeal waiver was knowing and voluntary and is enforceable. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). Guerrero asserts that the appeal waiver is not applicable because the Government violated the plea agreement and committed prosecutorial misconduct by not affirmatively seeking the application of the safety valve provisions.

The plea agreement required that the Government not oppose the application of the safety valve provisions if Guerrero qualified, but did not require the Government to request their application. That the Government did not request application of the safety valve provisions did not violate the provision of the plea agreement requiring the parties to request that the court consider the provisions of the Sentencing Guidelines in calculating the sentence. The probation officer considered the application of the safety valve provisions in the presentence report (PSR) and determined that Guerrero had not qualified for them. Neither Guerrero nor the Government objected to the PSR, and the district court adopted the findings in the PSR, thereby adopting the consideration and rejection of the application of the safety valve provisions. Guerrero has not shown that the Government breached the plea agreement. Furthermore, as Guerrero has not shown that the prosecutor engaged in any improper behavior, he has not shown that the Government committed prosecutorial misconduct. See United States v. Fields, 483 F.3d 313, 358-60 (5th Cir. 2007), cert. denied, 128 S. Ct. 1065 (2008). As Guerrero's claim on appeal does not fit into any exceptions to the appeal waiver, the appeal waiver applies

to the circumstances at issue and bars Guerrero's appeal. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005).

AFFIRMED.