IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-40389
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROSENDO MARTINEZ-FLORES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-390-1

Before KING, DENNIS, & OWEN, Circuit Judges.

PER CURIAM:[*]

Rosendo Martinez-Flores pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (b)(1)(A). The district court sentenced Martinez-Flores to the statutory minimum term of imprisonment, 120 months. See §§ 846, 841(b)(1)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Martinez-Flores argues that the district court abused its discretion when it denied his motion to withdraw guilty plea. Martinez-Flores also argues that the district court erred when it failed to award him a two-level reduction in his offense level pursuant to the "safety valve" provision of U.S.S.G. § 5C1.2. The Government contends that Martinez-Flores's appeal is barred by the appellate waiver provision in Martinez-Flores's written plea agreement. The Government alternatively argues that the district court did not err when it denied Martinez-Flores's motion to withdraw guilty plea.

To enter a knowing and voluntary guilty plea, the defendant must have a "full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). This court reviews de novo whether a waiver of appeal bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). To determine the validity of an appeal waiver, this court conducts a two-step inquiry, asking 1) whether the waiver was knowing and voluntary and 2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). In determining whether a waiver applies, this court employs ordinary principles of contract interpretation, construing waivers narrowly and against the Government. United States v. Palmer, 456 F.3d 484, 488 (5th Cir. 2006).

In the instant case, the appeal waiver was knowing and voluntary. Martinez-Flores, who is college-educated and speaks and reads English, signed the plea agreement. At Martinez-Flores's rearraignment, the district court reviewed the plea agreement with Martinez-Flores, who indicated that he read, understood, and discussed the agreement with his attorney before he signed the agreement. In addition, the district court specifically reviewed the waiver provision with Martinez-Flores, who indicated that he understood the terms of the waiver. The record further indicates that the district court complied with the dictates of Rule 11 of the Federal Rules of Criminal Procedure when it

advised Martinez-Florez of his trial rights, his right to counsel, the nature of the offense, the Government's burden of proof, and the manner in which his sentence would be determined. As to each of these concerns, Martinez-Flores was questioned by the district court and it was determined that he understood all of his rights and all of these concepts. Accordingly, Martinez-Flores's plea agreement, including the appellate waiver provision, was knowing and voluntary. See Boykin, 359 U.S. at 242-44; Bond, 414 F.3d at 544.

In addition, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. Pursuant to the term of his plea agreement, Martinez-Flores waived his right to appeal both his conviction and sentence, reserving only the right to appeal a sentence imposed above the statutory maximum or an upward departure not requested by the Government. The waiver is valid and enforceable.

Even if the waiver were not valid and enforceable, Martinez-Flores has not shown that the district court abused its discretion in denying his motion to withdraw his guilty plea. Martinez-Flores bore the burden of establishing a fair and just reason for withdrawing his guilty plea. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). Although Martinez-Flores admitted that he knowingly transported money from the sale of illegal drugs in the past, he argued that did not know that he was actually transporting drugs when he was arrested. Thus, Martinez-Flores argued that he was actually innocent. Based on a review of the totality of circumstances and an examination of the factors enumerated in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), we find that the district court did not abuse its discretion by denying Martinez-Flores's motion to withdraw his plea. See id. Accordingly, the judgment of the district court is AFFIRMED.