IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-40812
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERARDO ESQUIVEL-SOLIS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-387-2

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerardo Esquivel-Solis was charged with a single count of conspiracy to possess with intent to distribute more than five kilograms of cocaine. Pursuant to a written plea agreement, Esquivel-Solis pleaded guilty to the count alleged in the indictment. Under the terms of the agreement, Esquivel-Solis waived his right to appeal his conviction and sentence, with the exception of (a) a sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed above the statutory maximum, or (b) an upward departure that was not requested by the Government.

Esquivel-Solis argues on appeal that his guilty plea was invalid because it was not knowing and voluntary. He specifically asserts that he pleaded guilty because he believed that his trial counsel had promised him that he would be sentenced to only 18 months of imprisonment. Esquivel-Solis contends that the invalidity of his plea renders unenforceable the waiver-of-appeal provision. The Government seeks to enforce the appeal waiver.

To enter a knowing and voluntary guilty plea, the defendant must have a "full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). This court reviews de novo whether a waiver of appeal bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). To determine the validity of an appeal waiver, this court conducts a two-step inquiry, asking 1) whether the waiver was knowing and voluntary and 2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The record indicates that Esquivel-Solis knowingly and voluntarily waived his right to appeal. Esquivel-Solis signed the agreement containing the waiver-of-appeal provision. At rearraignment, the district court specifically reviewed with Esquivel-Solis the terms of the agreement. Esquivel-Solis indicated that he understood the provision and comprehended the rights that he was forgoing by consenting to the provision. Accordingly, Esquivel-Solis's plea agreement, including the waiver provision, was knowing and voluntary. *See Boykin*, 359 U.S. at 242-44; *Bond*, 414 F.3d at 544.

Moreover, under the plain language of the agreement, the waiver applies to the circumstances at issue. Esquivel-Solis does not argue on appeal that he received a sentence above the statutory maximum or an upward departure not requested by the Government. Thus, Esquivel-Solis's instant challenge is not

explicitly excepted from the appellate waiver. Accordingly, the waiver is valid and enforceable.

To the extent that the voluntariness of Esquivel-Solis's plea implicates the validity of his waiver and may be considered on appeal in spite of the waiver, he has failed to show that his guilty plea was not knowing and voluntary. The plea agreement and the district court's admonitions at sentencing advised Esquivel-Solis that his sentence had not yet been determined and that any promises related to sentencing were non-binding. Esquivel-Solis specifically was instructed that the mandatory minimum term of imprisonment was 10 years and that the maximum sentence was life imprisonment. *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (holding that a defendant understands the consequences of a guilty plea with respect to sentencing if he is informed of the maximum potential sentence). Esquivel-Solis also confirmed that he had not been promised anything beyond the agreement and that his plea was not induced by offers of sentencing leniency; Esquivel-Solis was aware that his plea could not be challenged on the ground that the sentence imposed was more severe than he expected. Esquivel-Solis further stated explicitly that his plea was voluntary and had not been induced by threats or intimidation. Esquivel-Solis's confirmations under oath are given a strong presumption of verity and directly contradict his instant contention that his plea was prompted by his trial counsel's sentencing promises. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The judgment of the district court is AFFIRMED.