**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2011

Lyle W. Cayce
Clerk

No. 11-60031
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN JOSEPH MAILLET,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-61-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Joseph Maillet appeals his conviction for being a felon in possession of a firearm, arguing that the district court erred in denying his motion to withdraw his guilty plea. Maillet argues, inter alia, that his plea was rendered involuntary by counsel's failure to inform him of its ramifications. We review the district court's ruling for an abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60031

Based on our analysis pursuant to *United States v. Carr*, 40 F.2d 339, 343-44 (5th Cir. 1984), we conclude, for the reasons that follow, that the district court did not abuse its discretion in denying Maillet's motion to withdraw his guilty plea: Maillet has not asserted that he is innocent of the charge of being a felon in possession of a firearm; Maillet's motion was not promptly filed; the record supports the conclusion that Maillet received close assistance of counsel and, additionally, that his plea was knowing and voluntary; and, as Maillet failed to demonstrate a fair and just reason for withdrawal of his plea, *see* FED. R. CRIM. P. 11(d)(2)(B), resetting the case for trial would have unnecessarily inconvenienced the district court and wasted judicial resources. Although withdrawal of the plea would not have prejudiced the Government, the absence of such as showing, alone, is insufficient to mandate permission to withdraw a plea where, as here, a credible reason has not been proffered. *See Carr*, 740 F.2d at 345.

AFFIRMED.