**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

Lyle W. Cayce
Clerk

No. 10-40989
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIM BOB SHIPP,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CR-6-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Jim Bob Shipp was convicted by a jury of six counts of health care fraud and one count of making false statements relating to health care matters. He also pleaded guilty to one count of being a felon in possession of a firearm. The probation officer grouped the offenses to assess the applicable guidelines range for all counts, and Shipp ultimately received concurrent sentences of 63 months for the fraud and firearm convictions and 60 months for the false statements conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40989

On appeal, Shipp acknowledges that he has waived his right to appeal to his conviction or sentence on the firearm charge. He instead asserts that he is challenging the sentences received for the health care counts, which were based on the same guidelines calculations. Shipp contends that he should have received a reduction for acceptance of responsibility, in light of his guilty plea to the firearm offense. In addition, he asserts that the district court erred in imposing an enhancement based on the number of firearms he possessed. The Government contends that Shipp's arguments are barred by the waiver-of-appeal provision.

A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). To determine whether Shipp's appellate challenge is barred by the waiver-of-appeal provision, "we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Although Shipp's waiver provision does not apply to his purported appeal of his health care sentences, a review of his claims shows that he is challenging the guidelines calculations conducted for the firearm count, and such challenges are barred by the waiver provision. *See id.* However, even if we conclude that Shipp's purported challenges are only to the sentences imposed for the health care fraud and false statements counts, Shipp is not entitled to relief.

Shipp contends that he should have received a three-level reduction for acceptance of responsibility, in light of his guilty plea to the firearm count and the fact that other courts have granted such a reduction under similar circumstances. Because the Government did not move for the additional one-level reduction under U.S.S.G. § 3E1.1(b), Shipp was not entitled to receive that benefit. As for his entitlement to the two-level reduction under § 3E1.1(a), Shipp has not established that the district court's decision was "without foundation,"

2

in light of the fact that Shipp elected to go to trial on the health care counts based on his assertion that he was in fact innocent of those charges and in light of his delay in electing to plead guilty to the firearm charge. *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted); § 3E1.1, comment. (n.2).

In his second ground for relief, Shipp contends that he should not have received a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) based on his possession of three firearms. Because Shipp did not challenge the enhancement in the district court, we review for plain error. *United States v. Perez*, 585 F.3d 880, 886 (5th Cir. 2009). Given Shipp's admissions at rearraignment that he in fact possessed the disputed weapon, he is unable to show a clear or obvious error. *See United States v. Puckett*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). His assertion that the Government "abandoned" one of the firearms is a misinterpretation of the statements made at sentencing; the Government instead relieved Shipp of the obligation of forfeiting the revolver in question. The judgment of the district court is thus AFFIRMED.