United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————

m 04-41125
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CASEY EVERETT BOND,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Texas

———————————

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Casey Bond appeals his sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005).[1] Although Bond pleaded guilty pursu

ant to a plea agreement that included an appeal-waiver provision, he argues that he is still has the right to appeal by virtue of a provision in the agreement that authorizes appeal of sentences exceeding the "statutory maximum." He reasons that *Booker* changes the definition of "statutory maximum" to the maxi-

---

[1] Bond's briefs actually argue in terms of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).
(continued...)

[1](...continued)
We update his argument in light of *Booker*, which extended the *Blakely* holding to the United States Sentencing Guidelines.

mum term of incarceration that is authorized by facts admitted to by the defendant or found by a jury beyond a reasonable doubt. Because, however, post-*Booker*, "statutory maximum" assumes its ordinary definition of the maximum term of imprisonment authorized by the statute of conviction for purposes of a plea agreement, and because Bond was sentenced below the statutory maximum as so defined, we dismiss the appeal as barred by the valid plea agreement.

## I.

Bond pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and one count of possession with intent to distribute less than 50 kilograms of marihuana, in violation of 21 U.S.C. § 841(a)(1). According to his written plea agreement, he waived the right to appeal, as follows:

> Except as otherwise provided in this agreement, the Defendant expressly waives the right to appeal the sentence on all grounds, including an appeal of sentencing pursuant to 18 U.S.C. 3742. The Defendant further agrees not to contest sentencing in any post conviction proceeding including, but not limited to, a proceeding under 28 U.S.C. 2255. The Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any upward departure from the guidelines range deemed most applicable by the sentencing court; (c) arithmetic errors in the guidelines calculations; and (d) a claim of ineffective assistance of counsel that affects the validity of the waiver itself. The Defendant knowingly and voluntarily waives any right to appeal in exchange for the concessions made by the Government in this agreement and with full understanding that the Court has not deter-

mined the sentence.

Bond was explicitly advised in the plea agreement that he could receive a maximum of ten years' imprisonment on count one and a maximum of five years on count two.

Pursuant to recommendations in the presentence report, the district court engaged in factfindingSSdetermining that Bond had possessed the firearm in connection with another felony, possession with the intent to distribute marihuanaSSthat increased the applicable sentencing range under U.S.S.G. § 2K1.1(b)(5). The resulting range was 24 to 30 months' imprisonment, and Bond was sentenced at the bottom of the range, to 24 months.

In response to the PSR, Bond objected based on *Blakely*, which held a state sentencing scheme unconstitutional under the Sixth Amendment because it allowed a defendant to receive a sentence higher than that based on facts found by a judge and not admitted to by the defendant or found by a jury. The district court overruled Bond's objections based on *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *vacated*, 125 S. Ct. 1003 (2005), which held that *Blakely* does not apply to the federal sentencing guidelines.

Bond argues that his sentencing is infirm under *Booker* because it is based in part on facts that he neither admitted to, nor were found by a jury beyond a reasonable doubt.[2] The government, to the contrary, asserts that we should dismiss the appeal on the ground that by his plea agreement, Bond waived the right to appeal his sentence.

---

[2] Bond claims that the fact that he admitted to in his guilty plea authorized only a maximum sentence of eighteen months under the guidelines.

2

## II.

To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005). Under this test, Bond has waived appeal.

### A.

A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary.[3] Bond does not allege, and there is no indication in the record, that his ratification of the plea agreement was anything but voluntary. Because he indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary.[4]

### B.

Bond does not contest that the waiver language SS waiving the right to appeal "on all grounds, including an appeal of sentencing pursuant to 18 U.S.C. [§] 3742" SS is broad enough to cover an appeal based on *Booker* and its progeny. Rather, notwithstanding that broad wording, Bond argues that he is permitted to appeal his sentence because, he claims, the explicit exception for "any punishment imposed in excess of the statutory maximum" is met in this case.

In defining "statutory maximum," Bond looks to *Blakely*, later quoted in *Booker*: "Our precedents make clear, however, that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[5] Assuming *arguendo* that Bond's calculations are correct, this definition of "statutory maximum" would allow him an escape from the appeal waiver provision, because he was sentenced to 24 months, and he claims that the facts admitted in his guilty plea authorized a maximum of only 18 months.

Unfortunately for Bond, however, as astutely observed in *United States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005), the term "statutory maximum" for purposes of *Blakely* and *Booker* has a meaning and import that is significantly different from its meaning for purposes of Bond's appeal waiver, when the context in which the terms are used is carefully scrutinized.[6] "In the *Apprendi/Booker* line of

---

[3] *McKinney*, 406 F.3d at 746 (citing *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'") (citing *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992)).

[4] *See McKinney*, 406 F.3d at 746 (citing *Portillo*, 18 F.3d at 293 ("[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal.")).

[5] *Blakely*, 124 S. Ct. at 2537 (emphasis omitted); *see also Booker,* 125 S. Ct. at 749; *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[6] *Towne v. Eisner*, 245 U.S. 418, 425 (1918) (continued...)

decisions, the Supreme Court used the term 'statutory maximum' to describe the parameters of the rule announced in those decisions, a rule that had nothing to do with the scope of appeal waivers." *Id.* at 1334. In that context it was used in a "specialized," "non-natural" sense, used "not only for semantic convenience but also in order to justify and explain the holdings the Court entered in those decisions." *Id.* "Everyone knows that a judge must not impose a sentence in excess of the maximum that is statutorily specified for the crime. By labeling a sentence that the judge may not impose under the *Apprendi/Booker* doctrine as one in excess of the 'statutory maximum' the Court may have sought to call into play that well-known principle of law." *Id.* (internal citations omitted).

We must interpret the plea agreement like a contract, in accord with what the parties intended.[7] There is no indication that they meant for the term "statutory maximum" to be accorded the non-natural definition it assumed in *Blakely* and *Booker*. In the absence of evidence that the parties to the agreement intended such a specialized, non-natural definition, we apply the term's usual and ordinary meaning, "the upper limit of punishment that Congress has legislatively specified for violation of a statute." *Id.* at 1334-35.

This is the approach taken most recently by this court in *United States v. Cortez*, 2005 U.S. App. LEXIS 11418 (5th Cir. June 16, 2005) (per curiam) (on rehearing). Cortez "argue[d] that he did not waive the right to appeal a sentence above the statutory maximum as that term was defined in *Blakely*." *Id.* at *2. Citing *McKinney*, 406 F.3d at 746-47, the *Cortez* panel reasoned that "[t]he language in the appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed." *Cortez*, 2005 U.S. App. LEXIS 11418, at *2. The court concluded that there was "no indication that the parties intended that the exception in the appellate waiver for 'a sentence exceeding the statutory maximum punishment' would have a meaning other than its ordinary and natural meaning." *Id.* (citations omitted). Thus, citing *Rubbo*, 396 F.3d at 1334-35, the *Cortez* panel reasoned that in this context, the term "statutory maximum" in an appeal waiver means "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *Id.*

The same result obtains here. Under the ordinary definition of "statutory maximum," Bond has a maximum sentence of 10 years on count one and 5 years on count two. Because his sentence of 24 months does not exceed either of those amounts, that exception to his appeal waiver is not met, and the blanket prohibition of appeal applies.[8] And, because Bond waived his right to appeal his sentence under

---

[6](...continued)
(Holmes, J.) ("A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.").

[7] *See United States v. Davis*, 393 F.3d 540, 546 (5th Cir. 2004).

[8] Other circuits similarly have concluded that *Blakely* and *Booker* do not alter the plain meaning of "statutory maximum" as defined in waiver of appeal provisions in plea agreements. *See United States v. West*, 392 F.3d 450 (D.C. Cir. 2004); *United States v. Blick*, 2005 U.S. App. LEXIS 9742, at *19 (4th Cir. May 27, 2005); *United States v. Luebbert*, 2005 U.S. App. LEXIS 9972, at *3 (6th Cir. June 1, 2005); *United States v. Green*, 405 F.3d 1180, 1191-94 (10th Cir. 2005).

the present circumstances, we do not need to address his Sixth Amendment argument.

The appeal is DISMISSED.