United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-11103
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY DALE SPEER,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:04-CR-50-ALL-Y)

_____

Before REAVLEY, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Ray Dale Speer appeals his conviction and sentence following his conditional

guilty plea to the offense of being a felon in possession of a firearm on the grounds that:

(1) the sentencing enhancements violate the Sixth Amendment rule announced in United

States v. Booker, 125 S. Ct. 738 (2005); and (2) the district court erred in denying his

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

motion to suppress incriminating statements because he made the statements when he was in custody and prior to being advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). We affirm for the following reasons:

1.  Speer does not argue that the waiver was unknowing or involuntary. He is held to his agreement. See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir 1994).

2.  Because the term "statutory maximum" in an appeal waiver refers to the maximum allowed by statute, not the guideline maximum authorized by a guilty plea or verdict, and because Spear was sentenced below the maximum allowed by statute, Speer waived his right to appeal his sentence. United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005). There is no indication in the record that the parties intended the term "statutory maximum" to be accorded the non-natural definition it assumed in Blakely v. Washington, 542 U.S. 296 (2004), and Booker. Id.

3.  In the appeal waiver, Speer specifically reserved the right to challenge the district court's ruling on his motion to suppress. Speer's statements were properly admitted because they were voluntary and not the result of a custodial "interrogation." Miranda, 384 U.S. at 478; United States v. Gonzales, 121 F.3d 928, 940 & n.7 (5th Cir. 1997). Accordingly, the district court did not err in denying the motion to suppress. United States v. Castro, 166 F.3d 728, 731 (5th Cir. 1999) (en banc).

Affirmed.

2