United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11289
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRADLEY D. WOY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-270-2
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Bradley Woy pleaded guilty pursuant to a plea agreement to one count of securities fraud, in violation of 15 U.S.C. §§ 77q(a), 77x. The plea agreement included a waiver of appeal, except for claims that the sentence exceeds the statutory maximum or that Woy received ineffective assistance of counsel. The district court sentenced Woy to 32 months of imprisonment and two years of supervised release and ordered Woy to pay $789,000 in restitution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Woy appeals, arguing that the district court erred in denying his motion to withdraw his guilty plea. Woy's motion claimed that the government breached the plea agreement and that his guilty plea was involuntary because the presentence report (PSR) recommended two enhancements he had not anticipated, one for his leadership role and one for his use of mass marketing techniques.

The Government violates a plea agreement when its conduct is inconsistent with the defendant's reasonable understanding of the agreement, a question this court reviews de novo. United States v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005). To the extent that the leadership enhancement contradicts language in the factual resume, the Government fulfilled its obligation by opposing the leadership enhancement. Although Woy asserts that the mass marketing enhancement, which the Government did not oppose, violated the parties' understanding, nothing in the plea agreement or the factual resume supports that contention. The record reflects that Woy's guilty plea was knowing and voluntary. The district court did not abuse its discretion in denying Woy's motion to withdraw his guilty plea. See United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

Woy also argues that the district court erred in admitting a stipulation regarding statements made by his former attorney at sentencing. The Government is correct that the appeal waiver in

the plea agreement bars the court from considering this issue.
See <u>United States v. Bond</u>, 414 F.3d 542, 544 (5th Cir. 2005).

Accordingly, the judgment and sentence of the district court are AFFIRMED.