United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41746
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL HERNANDEZ-PINEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-214-1

_____

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Abel Hernandez-Pineda (Hernandez) appeals the 108-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute approximately 12 kilograms of heroin. Hernandez argues that the district court erred by denying an offense-level reduction for his minimal role in the offense. The government asserts that Hernandez's appeal is

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred by a waiver-of-appeal provision in his plea agreement.

At rearraignment, Hernandez acknowledged the existence of the plea agreement and that he was waiving his right to appeal his sentence. He also stated that counsel had read the plea agreement to him in Spanish, that he understood its terms, and that he was entering into the plea voluntarily. The district court also advised Hernandez that he was waiving his right to appeal. Hernandez reserved only the right to appeal a sentence in excess of the statutory maximum or a sentence that represented an upward departure from the Sentencing Guidelines, which had not been requested by the United States.

As the government urges, Hernandez knowingly and voluntarily waived his right to appeal, and as neither of the waiver's exceptions applies to the sole claim made in the instant appeal, Hernandez's appeal is barred by the waiver contained in the plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Appellant presents no argument to the contrary.[**]

AFFIRMED.

---

[**]In any event, we also agree with the government's alternative argument, that Hernandez's sole claim on appeal, that the district court "abused its discretion, when it refused to make a downward departure, based on appellant's minimal participation," is wholly without merit. That was a matter on which appellant bore the burden of proof. We cannot say that the district court's denial of appellant's claim of minimal participation was either clearly erroneous, or an abuse of discretion, or unreasonable (or resulted in an unreasonable sentence).