# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-50755
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHAWN MICHAEL HRABAL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-224-3

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Shawn Michael Hrabal appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute 50 or more grams of methamphetamine. He argues that the district court erred in not granting him a three-level reduction in his offense level for acceptance of responsibility. As part of his plea agreement, Hrabal waived his right to appeal his sentence "on any ground other than a good faith allegation that it was the result of ineffective assistance of counsel or prosecutorial misconduct." The record reflects that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hrabal read, signed, and understood the plea agreement, which included the above explicit unambiguous waiver of appeal, and the district court informed Hrabal of the waiver at his rearraignment hearing. Therefore, the waiver was both knowing and voluntary. See FED. R. CRIM. P. 11(b)(1)(N); see also United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). Thus, the waiver bars Hrabal from arguing on appeal that the district court erred in not granting him a three-level reduction in his offense level for acceptance of responsibility.

Hrabal argues that his trial counsel was ineffective in that he did not argue at sentencing that Hrabal was entitled to a three-level reduction for acceptance of responsibility. In the instant case, the district court did not conduct an evidentiary hearing, and neither Hrabal nor the Government presented any evidence addressing the allegation. The record is not sufficiently developed to allow consideration at this time of Hrabal's claim of ineffective assistance of counsel. See United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006). This does not prejudice Hrabal's right to raise this claim in a later postconviction proceeding.

AFFIRMED.