# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2010

Charles R. Fulbruge III
Clerk

No. 08-41095

UNITED STATES OF AMERICA

Plaintiff – Appellee

v.

LARRY STANLEY TRAUGOTT

Defendant – Appellant

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-189

---

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In March 2008, pursuant to a written plea agreement, Larry Stanley Traugott pled guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. *See* 21 U.S.C. §§ 846, 841(b)(1)(A)(viii). The plea agreement contained a stipulation between Traugott and the government that the applicable base offense level under United States Sentencing Guidelines [USSG] § 2D1.1(a)(3) was 32. Based on Traugott's two prior convictions for a crime of violence and a drug trafficking crime, the district court applied a career

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-41095

offender enhancement under USSG § 4B1.1, which increased the offense level to 37.   After receiving a three-point reduction in offense level for acceptance of responsibility, Traugott was sentenced to 262 months' imprisonment.

Traugott argues that the government breached the plea agreement's base offense level stipulation by supporting the district court's application of the career offender enhancement during the sentencing hearing.   Contrary to Traugott's interpretation, the stipulation merely confirms the appropriate guidelines section applicable to his offense.  It does not preclude application of the career offender enhancement.  Moreover, the district court was, by the plea agreement's terms, not bound by the stipulation.  In addition, when he entered his guilty plea before the magistrate judge, Traugott expressly acknowledged his understanding that prior convictions could increase the applicable guidelines range and that the court was not bound by the stipulated base offense level of 32. *See United States v. Rhodes*, 253 F.3d 800, 804-05 (5th Cir. 2001); USSG § 6B1.4(d).  The government did not breach the plea agreement by supporting the application of the career offender provision.

Traugott also contends that the career offender provision was applied in error.   He   argues   that   his   1995   prior   conviction   for   possessing methamphetamine with intent to deliver was relevant conduct in the instant conspiracy, and thus could not be used as a predicate for the career offender enhancement.  This argument is barred by the appeals waiver contained in the plea agreement, whose validity is uncontested. *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Even if it were not barred, the argument lacks merit because Traugott was convicted and sentenced in 1995, "prior to the acts or omissions constituting the [conspiracy]," which Traugott admitted began in 1997. *See* USSG § 1B1.3 cmt. n.8.

We therefore perceive no error in the district court's application of the career offender provision.

No. 08-41095

Finally, Traugott argues that the government breached its obligation under the plea agreement to file a pre-sentencing motion for downward departure based on his cooperation with authorities. *See* USSG § 5K1.1. At oral argument, counsel for the government conceded (1) that it had not filed a motion; and (2) that the cooperation rendered by Traugott amounted to "substantial assistance" for § 5K1.1 purposes. Counsel agreed to file a motion for reduction in sentence pursuant to Federal Rule of Criminal Procedure 35(b) upon remand to the district court.

Accordingly, by the parties' consent, we remand this case to the district court for consideration of the government's Rule 35(b) motion. Although on a Rule 35(b) motion, the evaluation of a defendant's cooperation for "substantial assistance" is reserved to the district court, *see* FED R. CRIM. P. 35(b)(3), we note the government's admission that Traugott's pre-sentencing cooperation constituted "substantial assistance" within the meaning of USSG § 5K1.1. Further, the government has waived certain objections to the motion, including its untimeliness and the lack of post-sentencing cooperation.

REMANDED for further proceedings as described herein.