# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2011

No. 10-40823
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO CARLOS RAMIREZ-CAMERON, also known as Pablo Ramirez-Cameron, also known as Jose Lorenzo Spearman,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-785-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pablo Carlos Ramirez-Cameron challenges his guilty plea conviction and 30-month sentence on one count of attempted illegal reentry. The Government has moved to dismiss the appeal, arguing that the waiver provision of Ramirez's plea agreement should be enforced. Ramirez argues that his waiver of appellate rights is invalid because he was not advised that he could plead guilty without waiving his rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40823

A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992). To determine the effectiveness of a waiver, this court conducts a two-step inquiry, asking (1) whether the waiver was knowing and voluntary and (2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). For a defendant's waiver of his right to appeal to be knowing and voluntary, the "defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). As part of the plea colloquy, the district court must address the defendant in open court and determine whether the defendant understands the waiver. *See* FED. R. CRIM. P. 11(b)(1)(N).

At his rearraignment, Ramirez acknowledged his signature on his plea agreement and stated that his lawyer had explained the agreement to him. The magistrate judge explained the terms of the waiver provision to Ramirez, who indicated his understanding of the waiver provision and asked no questions. We are therefore satisfied that Ramirez knowingly and voluntarily waived his right to appeal his conviction and his sentence. *See Portillo*, 18 F.3d at 292.

In view of the foregoing, the judgment of the district court is AFFIRMED. All outstanding motions are DENIED.