**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

Lyle W. Cayce
Clerk

No. 11-30845
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON DEANDRE WILEY,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-61-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Brandon Deandre Wiley appeals his guilty-plea conviction for possession of ammunition by a convicted felon, for which the district court sentenced him to 37 months of imprisonment. *See* 18 U.S.C. § 922(g)(1). Wiley acknowledges that the record in the instant matter is not sufficiently developed to permit consideration of his ineffective assistance of counsel claim. *See United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999). He also concedes that the appeal waiver in his plea agreement is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

valid and enforceable. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir.2005). In his plea agreement, Wiley retained the right to appeal the denial of a motion for reconsideration of the district court's denial of a motion to suppress guns and ammunition seized during a traffic stop. Wiley now contends that the district court erred in denying his motion to reconsider.

At the suppression hearing, Police Officer Liberto testified that he passed Wiley's vehicle and observed that Wiley was driving but was not wearing a seatbelt. Liberto made a U-turn to follow Wiley, at which point Wiley began "fading," i.e., taking actions to avoid the officer. On cross-examination, Liberto stated that Wiley also failed to use his turn signal and failed to come to a complete halt at a stop sign. Liberto further testified that he caught up with Wiley, effected a traffic stop, and ordered him to exit the vehicle. Liberto observed a pocket knife on a clip as Wiley approached the police cruiser and, because the stop occurred in a high-crime area, Liberto removed the knife and conducted a pat-down search during which Liberto felt what appeared to be cartridges in Wiley's pocket. Wiley confirmed that the objects were cartridges, so Liberto removed them from Wiley's pocket. A search of Wiley's vehicle yielded a loaded firearm, which proved to have been stolen. The officers confirmed that Wiley was a convicted felon, which provided probable cause for his arrest. The district court denied the motion to suppress. After the hearing, the government discovered a video recording made from a dashboard camera in the officers' vehicle, which recording became the basis for Wiley's unsuccessful motion for reconsideration.

Wiley claims that the video recording establishes that the officer stopped him only because of the violation of Louisiana's seatbelt law. He asserts that the Louisiana seatbelt law prohibits a search of the driver or the vehicle when the seatbelt infraction is the only cause for the traffic stop. The district court ruled that the video recording's failure to show additional traffic violations does not prove that the violations had not occurred before the camera was activated to

begin recording. The district court correctly found that the video recording does not contradict the officers' testimony regarding the reasons for the traffic stop and that it does show Wiley's failure to come to a complete halt at a stop sign. The district court was aware that Liberto had testified about violations other than the seatbelt on cross-examination and assessed the testimony in the context of the video evidence. Wiley's disagreement with the district court's assessment of the officer's testimony and the video, without more, is insufficient to show clear error. *See United States v. Turner*, 674 F.3d 420, 433 (5th Cir. 2012); *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

Again relying on the video recording, Wiley claims that Liberto's search of his person and the seizure of the ammunition violated the Fourth Amendment because Liberto did not conduct a pat-down search, but rather reached directly into Wiley's pocket and seized the ammunition. Again the video recording fails to contradict the officer's testimony. The video, therefore, does not lead to a "definite and firm conviction" that the district court erred in its factual finding that the officer first conducted a pat-down search for weapons before retrieving the ammunition. *See United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1347 (5th Cir. 1994).

Wiley additionally contends that Liberto lacked reasonable suspicion to conduct a pat-down search pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). The district court concluded that, because of Wiley's knife and the high-crime neighborhood in which the stop occurred, that the officer had reason to suspect that Wiley might be armed. *See id.* Wiley's conclusional assertion, unsupported by citation to any legal authority, that the officer lacked objectively reasonable suspicion fails to show any error in the district court's conclusion. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010).

AFFIRMED.