# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2014

Lyle W. Cayce
Clerk

No. 13-20170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IRVIN WARREN LAWRENCE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-199-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Irvin Warren Lawrence pleaded guilty to conspiracy to commit bank fraud and was sentenced to 51 months of imprisonment, at the top of the applicable guidelines imprisonment range. He also pleaded guilty to aggravated identity theft, for which he received a consecutive 24-month prison term. Lawrence now challenges the 51-month sentence he received on his conspiracy conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20170

As part of his plea agreement, Lawrence waived his right to appeal his conviction and sentence.   We enforce such waivers when knowing and voluntary. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).   To the extent Lawrence is claiming that he was misadvised about the waiver at the re-arraignment hearing, he has failed to include the hearing transcript as part of the record on appeal.  *See* Fed. R. App. Pro. 10.  More importantly, he has wholly failed to raise any issue about the validity of his appeal waiver, 414 F.3d at 544, or brief any challenges to it despite acknowledging the existence of the waiver and receiving the Government's motion to dismiss based upon the waiver (to which no response was filed).  Accordingly, we conclude any such challenge is waived. *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).[1]  We GRANT the Government's motion to dismiss.

APPEAL DISMISSED.

---

[1]  To the extent that Lawrence is claiming he reserved the right to appeal an upward departure, nothing in the record suggests the sentence was the result of an upward departure.