# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50826
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL COSTILLA, also known as Sharky,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1661-6

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joel Costilla pleaded guilty, pursuant to a plea agreement, to conspiracy to conduct the affairs of an enterprise through a pattern of racketeering and conspiracy to possess with intent to distribute 100 kilograms of marijuana. He argues that the Government breached the plea agreement by not advising the probation officer of any relevant facts that would have demonstrated acceptance of responsibility on his part. Costilla did not argue in the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50826

court that the plea agreement was breached and, thus, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).

In exchange for Costilla's plea, the Government agreed not to challenge any recommended findings in the Presentence Report (PSR) that Costilla's guideline offense be adjusted to reflect his acceptance of responsibility. The agreement also provided that, if the court found that Costilla was entitled to the adjustment and that his base offense level before the adjustment was at least level 16, the Government agreed "to move for the third-level reduction at the time of sentencing based on the defendant's timely agreement to plead guilty[.]"

Costilla's argument that the Government had a duty under the plea agreement to essentially advocate for a reduction for acceptance of responsibility by providing "its version of the facts of [his] case" is not a reasonable understanding of the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). Further, the PSR did not recommend that Costilla be awarded an adjustment for acceptance of responsibility. Thus, there was no fulfillment of the condition that would have triggered the Government's obligation not to oppose a downward adjustment and to move for an additional acceptance point. *See United States v. Mejia*, No. 93-2611, 1994 WL 243287, 1 (5th Cir. May 19, 1994) (unpublished).

To the extent Costilla argues that the district court erred in not granting him a reduction for acceptance of responsibility, the argument is barred by the appeal waiver in his plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.