# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CELSO ZAMARRIPA-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1243-4

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Celso Zamarripa-Ramirez pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to transport aliens and was sentenced to 30 months of imprisonment. Although he acknowledges that he signed an appeal waiver in connection with his plea agreement, he argues that he should be able to appeal his sentence because the government breached the plea agreement by not moving for an acceptance-of-responsibility reduction under Section 3E1.1

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the U.S. Sentencing Guidelines ("U.S.S.G.").  Because Zamarripa-Ramirez has failed to show that the government breached the plea agreement, we DISMISS the appeal.

## FACTUAL BACKGROUND

In November 2013, Zamarripa-Ramirez entered into a "Fast-Track Plea Agreement," pleading guilty to one count of conspiracy to transport aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (B)(i).  The plea agreement contained a two-page factual basis.  In exchange for Zamarripa-Ramirez's plea, the Government stated: "This office shall not contest any Pre-Sentence Investigation Report ('PSR') recommendations that the applicable guideline offense levels be adjusted to reflect Defendant's acceptance of responsibility, as provided by Sentencing Guidelines § 3E1.1(a) & (b)."  The agreement also provided that if the court found that Zamarripa-Ramirez was entitled to the adjustment and that his base offense level before the adjustment was at least level 16, the government agreed "to move for the third-level reduction at the time of sentencing based on the defendant's timely agreement to plead guilty[.]"  The agreement also included an appeal waiver provision.

The PSR, which was prepared by the United States Probation Office prior to sentencing, did not recommend that Zamarripa-Ramirez be awarded an adjustment for acceptance of responsibility.  The PSR stated that "[a]lthough the defendant has pleaded guilty to Conspiracy to Transport Illegal Aliens, his statement [during the presentence interview] . . . appears to minimize his role in the offense.  The statement provided by the defendant does not merit an adjustment for acceptance of responsibility under USSG § 3E1.1(a)."  At sentencing, the district court asked the government why there had been no recommendation for an acceptance-of-responsibility reduction. The Government responded: "Your Honor, it's my understanding that the

No. 14-50599

acceptance of responsibility interview [that] was conducted with the defendant following his plea of guilty. . . . [d]iffered from the facts in his plea agreement, and that he was minimizing his role in the offense, he was not fully accepting responsibility." Zamarripa-Ramirez's counsel then spoke on the issue and explicitly stated that he was not objecting to the PSR's refusal to recommend a reduction because "we looked at the final . . . offense level and the final outcome, we felt that that was a fair sentence."

## DISCUSSION

On appeal, Zamarripa-Ramirez argues that the appeal waiver in his plea agreement is not enforceable because the government breached the plea agreement. He further claims that the district court clearly erred by denying him the adjustment for acceptance of responsibility.

"The party alleging a breach of the plea agreement bears the burden of proving the underlying facts establish a breach by a preponderance of the evidence." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). "We must interpret the plea agreement like a contract, in accord with what the parties intended." *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005); *see also Gonzalez*, 309 F.3d at 886 ("[This] court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." (internal quotation marks and citation omitted)). Because Zamarripa-Ramirez did not argue to the district court that the plea agreement was breached, we review this claim for plain error. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).

Zamarripa-Ramirez argues that "when the government suggested to the district court that he not receive credit for acceptance of responsibility they for all practical purposes disagreed and contested that Zamarripa's offense level should be adjusted to reflect his acceptance of responsibility." He claims that

No. 14-50599

the government's opposition of the acceptance-of-responsibility reduction breached the plea agreement. We disagree.

Zamarripa-Ramirez's plea agreement clearly provided that the government agreed "not [to] contest any [PSR] recommendations that the applicable guideline offense levels be adjusted to reflect Defendant's acceptance of responsibility, as provided by Sentencing Guidelines § 3E1.1(a) & (b)." The PSR did not contain any such recommendations and, accordingly, the government did not contest any PSR recommendations in violation of the plea agreement. Instead, the government responded to the district court's questioning and explained its "understanding" of why the PSR did not include an acceptance-of-responsibility recommendation. This explanation by the government did not breach its agreement with Zamarripa-Ramirez.

Because Zamarripa-Ramirez has not proven that the government breached its plea agreement, the appeal waiver contained in that agreement is enforceable and bars the current appeal. Therefore, to the extent Zamarripa-Ramirez argues that the district court erred in not granting him a reduction for acceptance of responsibility, the argument is barred by the appeal waiver in his plea agreement. *Bond*, 414 F.3d at 544.

The appeal is DISMISSED.

4