# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20665
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTOS GALLEGOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-773

Before REAVLEY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Jose Santos Gallegos pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He argues that the Government breached his plea agreement by not moving for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20665

In exchange for Gallegos's plea, the Government agreed to recommend that he receive a two-level downward adjustment for acceptance of responsibility, pursuant to § 3E1.1(a), if he accepted responsibility as contemplated by the Guidelines. The Government also agreed to move for an additional one-level reduction if he qualified for the two-level adjustment and the offense level was 16 or greater.

The written statement Gallegos proposes to be acceptance of responsibility was this: "I'm sorry for getting involved in selling drugs. It was a very stupid thing to do. I'm sorry." The probation officer provided that if the district court determined that Gallegos's statement was sufficient to establish that he had accepted responsibility, then the revised guidelines range, based on a total offense level of 40, would be 360 months to life. The court rejected that statement as an acceptance of responsibility.

Gallegos's guidelines range without the three-level adjustment was life in prison. At sentencing, the Government stated that the guidelines range with the three-level acceptance of responsibility adjustment was 360 months to life and recommended a 360-month sentence. Thus, the Government recommended the sentence with the adjustment. Furthermore, because the district court determined that Gallegos had not accepted responsibility, the Government was not obligated to recommend the lower sentence. He, therefore, has not shown that the Government clearly or obviously breached the plea agreement. *See Puckett*, 556 U.S. at 135. Gallegos's arguments that the district court erred in not granting him a reduction for acceptance of responsibility and that his sentence is procedurally and substantively unreasonable are barred by the appeal waiver in his plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.