# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40336
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO ARIZMENDI-HERNANDEZ, also known as Mando, also known as XW-2, also known as Commandante Mando,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-623-4

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Armando Arizmendi-Hernandez appeals his guilty plea conviction conspiracy to import 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana. The plea agreement contained a waiver of appeal provision. In exchange for the waiver, the Government agreed to dismiss the remaining counts of the indictment, agreed to not oppose an adjustment for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility if he accepted responsibility in accordance with the Sentencing Guidelines, and agreed to recommend a sentence at the low end of the recommended guidelines range.  The Government seeks to enforce the appeal waiver.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Arizmendi-Hernandez argues that his waiver of appeal is not valid because the Government breached the plea agreement.  He asserts that the Government breached the plea agreement by not recommending credit for acceptance of responsibility, by failing to recommend a sentence at the low end on the guidelines range, and by arguing that his trafficking in heroin and methamphetamine be included in the relevant conduct for his offense.  "The Government must strictly adhere to the terms and conditions of its promises in a plea agreement."  *United States v. Harper*, 643 F.3d 135, 139 (5th Cir. 2011).  If, as is the case here, a defendant fails to object to a breach of the plea agreement, review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 133-34 (2009).

With respect to the first argument, the plea agreement expressly provided that the Government would not oppose the "anticipated request" for a two-level reduction for acceptance of responsibility if his future actions warranted such a reduction and "may move for an additional one (1)-level downward adjustment" based on the timeliness of the plea or complete information as to his role in the offense.  The Government did not breach this aspect of the plea agreement.  Further, given his offense level, any purported breach did not affect Arizmendi-Hernandez's substantial rights.  *See United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012).

Next, the Government stated at sentencing that the recommended sentence was life but noted that it was merely a baseline for the district court to use to determine if Arizmendi-Hernandez should be punished as harshly as

others in the conspiracy.  This was not a breach of the agreement to recommend a sentence at the low end of the recommended guidelines range.

In addition, Arizmendi-Hernandez argues that the Government breached the plea agreement because the relevant conduct found by the district court was not limited to the stipulation that was part of the plea packet memo. The plea agreement stated that the 12 pages containing the plea agreement and attached addendum were the complete agreement between the parties and that no other promises or agreements were made by the Government. Arizmendi-Hernandez has not established a breach of the plea agreement on this point.  Further, there was no effect on his substantial rights.  *See Hebron*, 684 F.3d at 559.

Finally, the argument that his plea agreement was made in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C) is not supported by the record.  The plea agreement contained no specific agreement that a sentencing factor "does or does not apply" and there was no specific agreement to bind the district court.  FED. R. CRIM. P. 11(c)(1)(C).  This argument has no merit.

Accordingly, Arizmendi-Hernandez's waiver of appeal is valid and his appeal is DISMISSED.