UNITED STATES of America,
Plaintiff-Appellee

v.

David L. REED, Defendant-Appellant

No. 16-10464
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed May 2, 2017

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff-Appellee

David L. Reed, Pro Se

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

David L. Reed appeals the sentence imposed following his guilty-plea conviction for conspiracy to unlawfully distribute and dispense hydrocodone. As part of his plea, Reed waived his right to appeal his conviction and sentence, although he reserved his right to challenge a sentence exceeding the statutory maximum, an arithmetic sentencing error, the voluntariness of the plea, or a claim of ineffective assistance. In his sole argument currently before the court, Reed asserts that the district court committed a mathematical error in imposing a five-year term of supervised release because the guidelines range was only four

years; he concedes that the supervised release term did not exceed the statutory maximum. The Government argues that this claim is barred by the waiver provision because it does not constitute an arithmetic error.

Appeal waivers are reviewed de novo and construed narrowly against the Government. *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). To determine whether an appeal is barred by a waiver provision, we first consider whether the waiver was knowing and voluntary; if so, we then address whether, under the plain language of the plea agreement, the waiver applies to the issues presented. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Reed does not challenge the voluntariness of his appeal waiver. Therefore, we address only the second inquiry.

Reed contends that the district court committed an error by imposing a supervised release term exceeding the guidelines range, as was evidenced by the court's failure to indicate that it was imposing an above-guidelines sentence. He maintains that the term "arithmetic error" does not merely encompass mathematical computations but may also include errors in transcription or transposition, and he alleges that the court's five-year supervised release term may constitute such an error.

Typically, the terms in a waiver provision are given their "usual and ordinary meaning." *Id.* at 545. The record does not suggest that the parties intended the term "arithmetic error" to mean anything other than an error involving a mathematical calculation. *See id.* at 545-46. No such calculation was used to determine the supervised release range or imposed term. *See*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 5D1.2(a)(2), (c). While Reed may be challenging the district court's imposition of an above-guidelines supervised release term or, possibly, the court's failure to give reasons for such a sentence, neither of these assertions gives rise to an "arithmetic error" that survives the waiver provision in his plea agreement. Accordingly, the appeal must be dismissed.

APPEAL DISMISSED.