# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41075
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELEASAR TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-125-3

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eleasar Torres pleaded guilty pursuant to a written plea agreement to conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 168 months of imprisonment and five years of supervised release. Torres appeals, claiming that there was an insufficient factual basis for his plea, that the Government constructively amended his indictment, and that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing him based on a finding that he was accountable for 4.5 kilograms of methamphetamine (actual).  The Government has moved to summarily dismiss these claims as barred by Torres's appeal waiver.  Torres also raises claims of ineffective assistance of counsel.  The Government has moved for summary affirmance of Torres's ineffective assistance claims on the grounds that they are not ripe for review.

As part of his plea agreement, Torres waived his right to appeal his conviction or sentence unless his sentence exceeded the statutory maximum punishment, which it did not.  Torres's arguments that the Government amended his indictment and that the district court committed error at sentencing are barred by the waiver-of-appeal provision in his plea agreement.  To the extent that Torres argues that his plea waiver was not knowing or voluntary, he fails to rebut the record, which establishes that Torres knew that he had the right to appeal and that he was voluntarily giving up that right by entering the plea agreement.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Finally, although a valid appeal waiver does not bar a claim on appeal that there was an insufficient factual basis for a plea, *see United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008), Torres's admitted conduct satisfied the elements of the offense charged in the indictment, and Torres's claim that there was an insufficient factual basis for his plea has no merit.  Accordingly, because these claims are barred by the appeal waiver, the Government's motion for summary dismissal is GRANTED.

Torres's plea reserved his right to raise on direct appeal claims of ineffective assistance of counsel.  However, we do not reach the merits of Torres's ineffective assistance claims because the record is not sufficiently developed to allow us to evaluate counsel's actions.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  As such, Torres's ineffective assistance of

counsel claims are DISMISSED without prejudice to any right Torres may have to raise those claims on collateral review. *See id.* Given that we have disposed of all of Torres's claims on appeal, no further briefing is necessary. Accordingly, the Government's additional motions for summary affirmance and for an extension of time to file a brief are DENIED.

APPEAL DISMISSED.