# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2018

Lyle W. Cayce
Clerk

No. 17-40799
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL CISNEROS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-88-11

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Manuel Cisneros challenges the 97-month sentence imposed by the district court following his conviction of conspiring to possess with intent to manufacture and distribute cocaine. Cisneros asserts that the district court erred by denying him a U.S.S.G. § 3E1.1 reduction and that the Government breached the plea agreement by arguing against such a reduction at sentencing. The Government contends that it did not breach the plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40799

agreement and that Cisneros's appeal is barred by the appellate waiver contained therein.

As Cisneros himself had already voided the acceptance-of-responsibility stipulation contained in the plea agreement by using marijuana before sentencing, Cisneros's assertion that the Government violated the stipulation is not reasonable. *See United States v. Hinojosa*, 749 F.3d 407, 411, 413 (5th Cir. 2014). Thus, even if Cisneros's breach argument is afforded de novo review, it fails. *See United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014).

Since the record shows that Cisneros knowingly and voluntarily agreed to the appellate waiver contained in his plea agreement, and because the waiver applies to his remaining § 3E1.1 arguments, those arguments are barred. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Accordingly, the appeal is DISMISSED. *See id.* at 546.