# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41283
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FABIAN PAREDES ALVAREZ, also known as Fabian Hernandez Alvarez,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CR-73-1

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

Fabian Paredes Alvarez appeals his conviction for conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841 and 846. He contends that his trial counsel was ineffective for negotiating and advising him to accept a plea agreement that included a waiver of his right to appeal contested sentencing enhancements; that the district court erred by applying

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

those enhancements; and that factual findings by the court at sentencing violated the Fifth and Sixth Amendments under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny.  The Government has moved to dismiss the ineffective-assistance-of-counsel claim as premature and the sentencing claims as barred by the appeal waiver.

Although trial counsel indicated to the district court that Paredes Alvarez wished to challenge counsel's effectiveness on direct appeal, the merits of the claim were not presented to the district court for resolution.  In addition, "the record is undeveloped as to trial counsel's conduct and motivations" in negotiating the terms of the appeal waiver and advising Paredes Alvarez to accept it.  *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks omitted).  Accordingly, we will dismiss the claim without prejudice to Paredes Alvarez's right to pursue it in a proceeding under 28 U.S.C. § 2255.  *See id.*

With respect to the Government's assertion that the remaining issues are barred by the appeal waiver, the record reflects that Paredes Alvarez knew he had the right to appeal and that he was voluntarily waiving that right by entering the plea agreement.  The broad language of the waiver applies to his guidelines-application and *Apprendi*-based challenges, as Paredes Alvarez makes no argument that he was sentenced above the maximum sentence authorized by § 841 for his offense.  *See* 21 U.S.C. § 841(b)(1)(A)(viii) (providing a maximum term of life in prison); *United States v. Bond*, 414 F.3d 542, 545–46 (5th Cir. 2005) (finding an *Apprendi*-based challenge barred by a similar appellate waiver notwithstanding the exception for sentences above the statutory maximum).  Therefore, the sentencing claims are barred by the appellate waiver and will be dismissed.  *See Bond*, 414 F.3d at 544–46 & n.3.

No. 17-41283

IT IS ORDERED that the Government's motion for summary dismissal is GRANTED and that the appeal is DISMISSED without prejudice to Paredes Alvarez's right to bring any claim of ineffective assistance of counsel in a proceeding under § 2255. The Government's alternative motion for an extension of time to file an appellee's brief is DENIED as moot.