# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL SHELLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-92-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Michael Shelley appeals the procedural and substantive reasonableness of his 10-year sentence for bank fraud under 18 U.S.C. § 1344, an offense that is punishable by up to 30 years in prison. The Government has filed a motion to dismiss the appeal based on his appeal waiver in the plea agreement.

Notwithstanding Shelley's creative argument to the contrary, the record reflects that he understood that he was waiving the right to appeal his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the plea agreement unless the sentence exceeded the 30-year statutory maximum or resulted from ineffective assistance of counsel.  The meaning of the waiver was clearly conveyed by the straightforward plea agreement, which Shelley read and signed after careful review with his attorney, and by the magistrate judge at the plea hearing.  Accordingly, the waiver was knowing and voluntary.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

We reject Shelley's assertion that the Government should be required to waive its contractual right to enforce the appeal waiver, having satisfied its own obligation to recommend a sentence at the low end of the guidelines range.  To the extent Shelley contends that we should not enforce the appeal waiver because it unfairly prevents him from raising meritorious claims, we have never recognized such an exception to a valid appeal waiver.

Because the waiver was informed and voluntary, Shelley "will be held to the bargain to which he agreed."  *Id.* at 293.  The plain language of the waiver applies to bar his appeal.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  The Government's motion is GRANTED, and the case is DISMISSED.  Shelley's request that we take judicial notice of a grant of certiorari in a case relevant to the merits of his appeal is DENIED as moot.