# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2020

Lyle W. Cayce
Clerk

No. 19-40307
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Matthew Jay Thompson, *also known as* Pie Face,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-735-9

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Matthew Jay Thompson pleaded guilty, pursuant to a written plea agreement (which included an appeal waiver), to conspiracy to possess, with intent to distribute, more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). He was sentenced to, *inter alia*, a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

within-Sentencing Guidelines term of 168-months' imprisonment. Thompson challenges his sentence, asserting: the Government breached the plea agreement by failing to move for a two-level acceptance-of-responsibility reduction under Guideline § 3E1.1(a) and a one-level acceptance-of-responsibility reduction under Guideline § 3E1.1(b); and the district court erred when it denied him a reduction for acceptance of responsibility.

First addressed is whether the Government breached the plea agreement. "[A]n alleged breach of a plea agreement may be raised despite [an included] waiver provision". *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011) (citation omitted). Such an alleged breach is reviewed *de novo*. *Id*. We need not reach whether Thompson failed to preserve this issue, prompting plain-error review, as even under a *de novo* standard, his challenge fails. *See United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014).

"In determining whether the terms of the plea bargain have been violated, [this] court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (citations omitted). If the Government breaches a plea agreement, defendant is released from an appeal waiver contained in it. *Id*.

Thompson's assertion that the Government breached the agreement by failing to move for an acceptance-of-responsibility reduction under Guideline § 3E1.1(a) and (b) is not supported by a reasonable understanding of the agreement. *See id*. It did not obligate the Government to move for a two-point reduction under Guideline § 3E1.1(a). Rather, the Government was required to move for a one-level reduction under Guideline § 3E1.1(b), but only "[i]f the Court determines that Defendant qualifies for an adjustment under [Guideline §] 3E1.1(a)", which did not occur.

No. 19-40307

Thompson asserts the Government was required to recommend an acceptance-of-responsibility reduction unless he committed a crime, which he asserts applies only if he was indicted for one. The plea agreement imposed no such obligation. Instead, it provided: "Should it be judged by the Government the Defendant has committed or attempted to commit any additional crimes from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, the Government will be released from its obligations to recommend credit for acceptance of responsibility". If the Government did have any obligation to recommend an acceptance-of-responsibility reduction, it was released from that obligation when it determined Thompson had committed or attempted to commit additional crimes. The Government presented evidence that Thompson continued to deal drugs, evidence that he fails to refute other than in a conclusory manner.

In short, the Government was not obligated to move for an acceptance-of-responsibility reduction under Guideline § 3E1.1(a) or (b). The Government, therefore, did not breach the plea agreement.

In addition to his assertion that the Government breached the plea agreement by not moving for an acceptance-of-responsibility reduction, Thompson separately asserts the court erred in denying him a reduction for acceptance of responsibility. Our court reviews *de novo* whether an appeal-waiver in a plea agreement bars an appeal, considering: "whether the waiver was knowing and voluntary"; and "whether, under the plain language of the agreement, the waiver applies to the circumstances at issue". *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015) (citation omitted). Thompson does not challenge the knowing or voluntary nature of the waiver. Under the plain language of the plea agreement, the waiver applies to the circumstances at hand, because he "knowingly and voluntarily waive[d] the right to appeal or 'collaterally attack' the conviction and sentence, except . . . to raise a claim

of ineffective assistance of counsel". Thompson's appeal waiver, therefore, bars his challenge to the district court's denying an acceptance-of-responsibility reduction. *See United States v. Bond*, 414 F.3d 542, 544-45 (5th Cir. 2005).

DISMISSED.