# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WALTER KEITRIC FREEMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-479-2

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Walter Keitric Freeman pleaded guilty to conspiracy to interfere with commerce by robbery (count one), in violation of 18 U.S.C. § 1951(a), and discharging a firearm during a crime of violence (count five), in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced him to consecutive terms of 57 months' and 120 months' imprisonment for counts one and five, respectively.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-20405

Freeman acknowledges his plea agreement contains a waiver of his right to appeal his sentence, but he claims the waiver should not be enforced because his guilty plea was not knowing and voluntary. He asserts he was never informed of the essential elements of his offenses and that he simply followed his defense counsel's instructions to agree to all of the district court's questions. He then proceeds to challenge two sentencing adjustments applied to his sentence.

Freeman contests the validity of his plea agreement on two grounds: he was uninformed as to all of the elements of the indictment which would later enhance his sentence; and he had the opportunity to neither read nor comprehend the plea agreement before his arraignment hearing. Freeman raises the second contention in his reply brief for the first time; in any event, it fails, as does his first assertion.

The district court asked Freeman, "Have you read and do you understand the plea agreement in this case?", to which he replied: "Yes, sir". Freeman also informed the district court during the hearing that he waived reading of the indictment. The district court nevertheless reviewed each element of both counts to which Freeman pleaded guilty, as well as the consequences of a guilty plea. Moreover, Freeman responded affirmatively that he understood the district court's questions. Freeman's "solemn declarations in open court carry a strong presumption of verity". *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted).

To determine the validity of an appeal waiver, this court conducts "a two-step inquiry". *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citation omitted). Specifically, the court considers "(1) whether the waiver was

knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement". *Id.*

The record shows that Freeman knew he had the right to appeal and that he was giving up that right as set forth in the plea agreement. The district court questioned whether Freeman knew he was waiving his right to appeal, to which Freeman responded "Yes, sir". The district court even summarized the meaning of waiver in layman's terms by stating: "[It] basically means that if you're unhappy with the result in this case, you are not going to be able to take that up to a higher court later on. Do you understand that?". Based on the plain language of the agreement, the waiver applies. *E.g., Bond*, 414 F.3d at 544. Freeman's challenge to his sentence is thus barred by the valid appeal-waiver provision. *Id.*

AFFIRMED.