# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LONZO LEZELL GRIFFIN, also known as Zell, also known as Z, also known as Youngster, also known as Young,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-160-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Lonzo Lezell Griffin, pleaded guilty, pursuant to a written agreement, to conspiracy to distribute cocaine and conspiracy to commit money laundering. The district court imposed a below-guidelines sentence of 360 months of imprisonment on the cocaine conspiracy conviction and a concurrent sentence of 240 months of imprisonment on the money laundering conspiracy conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60064

Proceeding pro se, Griffin appeals his sentences, arguing they are procedurally and substantively unreasonable and that they violate the Eighth Amendment.

It appears Griffin simply copied significant portions of his brief from a brief filed in the Fourth Circuit. *See* Brief for Petitioner, United States v. Cobler, 748 F.3d 570 (4th Cir. 2014) (No. 13-4170), 2013 WL 3992762. Importantly, in copying Cobler's brief, Griffin repeatedly failed to tailor the brief to the facts of his own case. In some instances, Griffin made affirmative misrepresentations of fact. For example, he asserted he was a first-time offender, but that assertion is belied by his criminal history which was documented in his presentence investigation report. Additionally, he suggested that his thirty-year sentence was essentially a life sentence because he has a life expectancy of five to ten years. But Griffin is thirty-three years old and the presentence investigation report stated that "[t]he defendant advised he is in good health." In short, we are unpersuaded that Griffin's sentence is equivalent to life, and it appears that his assertions to the contrary are due to Griffin's copying of Cobler's brief.

The Government argues that Griffin's claims are barred by the appellate waiver provision of his plea agreement. Griffin has not addressed the applicability of the waiver-of-appeal provision.

To determine the validity of an appeal waiver, we conduct "a two-step inquiry." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Specifically, we consider "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Id.*

Griffin does not assert that his plea was uninformed or involuntary. In light of Griffin's cut-and-paste approach to this case and the affirmative misrepresentations he made to this court, we exercise our discretion to treat

2

this issue as waived. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) (exercising discretion to consider the validity of a plea waiver). Additionally, based on the plain language of the agreement, the waiver applies to the circumstances at hand because Griffin challenges his sentences on appeal. *See Bond*, 414 F.3d at 544. Griffin's challenges to his sentences as procedurally and substantively unreasonable are barred by the appeal waiver provision. *Cf. id.*

As to Griffin's claim that his sentences violate the Eighth Amendment, under our precedent, it appears to be an open question whether an appeal waiver bars such a challenge. We need not decide whether the Eighth Amendment claim is barred by the appeal waiver because, as discussed below, the claim lacks merit.

Because Griffin did not preserve his Eighth Amendment challenge, our review is for plain error. *See United States v. Ebron*, 683 F.3d 105, 155 (5th Cir. 2012). To succeed on plain error review, the defendant must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). On such a showing, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted).

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual." *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (internal quotation marks and citation omitted). In determining whether a sentence is unconstitutionally disproportionate, we make "a threshold comparison of the gravity of the offense against the severity of the sentence." *See United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010) (citing *McGruder*, 954 F.2d at

316).  The scope of review for claims of disproportionality "is narrow, and successful Eighth Amendment challenges to prison-term lengths will be rare." *Thomas*, 627 F.3d at 160 (internal quotation marks and citation omitted). Unless the threshold comparison leads to a determination of gross disproportionality, we will not conduct a deeper inquiry into sentences for similar crimes in the same and other jurisdictions.  *Id.*

Turning to Griffin's actual sentences, he asserts that "the District Court failed to properly calculate the applicable points," but he has failed to specifically identify an error the district court made in its calculation of the Guidelines.  Furthermore, Griffin's sentences did not exceed the advisory Guideline ranges, and we have recognized that the Guidelines are a "convincing objective indicator of proportionality." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (internal quotation marks and citation omitted).  Therefore, Griffin has not shown plain error with respect to his Eighth Amendment claim.

AFFIRMED.