# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20764

BAC HOME LOANS SERVICING, L.P.,

Plaintiff - Appellee

v.

NANCY GROVES; G.P. MATHERNE,

Defendants - Appellants

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2014

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2539

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendants-Appellants Nancy Groves and Gaynell Paul Matherne appeal the denial of their Rule 60(b) motion to vacate an agreed judgment. We AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20764

I.

Appellee Bank of America, N.A. ("BOA")[1] initiated this suit against Groves and Matherne, as well as other defendants not involved in this appeal, alleging that Groves and Matherne participated in a conspiracy to defraud several mortgage lenders. BOA, as a mortgage servicer, brought the suit on behalf of three trusts (the "Trusts") which purportedly own the three mortgage loans (the "Loans") involved in the alleged scheme.

Groves and Matherne separately moved for summary judgment in the district court. Matherne argued that BOA lacked standing because the notes for each of the Loans were not properly conveyed to the Trusts in accordance with the respective pooling and service agreements ("PSAs") or New York trust law. The district court rejected this argument and found BOA had standing.

Trial began on January 14, 2013. During the trial, Matherne, Groves, and BOA settled the case, and the trial was terminated as to those two defendants. The three parties signed a written settlement agreement on March 26, 2013 (the "Settlement Agreement"). The Settlement Agreement provided that Groves and Matherne would pay BOA $345,000 by a certain deadline. If they failed to do so, they agreed to the entry of a judgment for $500,000 (the "Agreed Judgment"). As part of the Settlement Agreement, the parties stipulated to several facts, including the fact that the Trusts were the owners and holders of the Loans at issue. The parties agreed that, should the Agreed Judgment be entered, it "shall be non-dischargeable in bankruptcy, cannot be appealed or otherwise challenged in any way and Plaintiff shall have the immediate right to take any actions it deems necessary to collect any remaining unpaid amounts."

---

[1] BOA's predecessor was Countrywide Home Loans Servicing, LP ("Countrywide"). Countrywide changed its name to BAC Home Loans Servicing, LP before merging with BOA in July 2009.

No. 13-20764

Groves and Matherne failed to pay $345,000 by the deadline. Pursuant to the Settlement Agreement, BOA filed an unopposed motion to enter the Agreed Judgment. Neither Groves nor Matherne objected to the entry of the Agreed Judgment. Accordingly, the district court entered the Agreed Judgment on October 8, 2013.

After the entry of the Agreed Judgment, Groves and Matherne moved to vacate the judgment as void under Federal Rule of Civil Procedure 60(b). They claimed that BOA lacked standing to sue and, therefore, the district court lacked jurisdiction to enter the Agreed Judgment. More specifically, they argued that BOA did not show that it had possession of the notes or that the Trusts on whose behalf it sued owned the Loans at the time BOA filed suit because they were not transferred to the Trusts in accordance with the PSAs or New York trust law.[2] Appellants each filed affidavits stating they settled only because the district court denied their summary judgment motions. The district court denied the motion to vacate. Groves and Matherne timely appealed.

## II.

We first address BOA's motion to dismiss the appeal. BOA contends that Appellants waived their appeal in the Settlement Agreement and Agreed Judgment. Though the court will generally enforce valid appeal waivers, *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005), a party cannot waive Article III standing by agreement, *see Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 207 (5th Cir. 1994) ("Article III standing implicates the federal judiciary's power to adjudicate disputes; it can be neither

---

[2] Appellants also argued in the motion that the Settlement Agreement contained "mistakes or misrepresentations" by stating that the Trusts owned and held the Loans. Appellants do not make this argument on appeal and do not argue that the Settlement Agreement was the result of fraud or mistake.

No. 13-20764

waived nor assumed."); *cf. FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it." (quotation marks and alterations omitted)). Thus, we must examine the standing issue; to the extent that Groves and Matherne's appeal reaches any other issue, we agree that such an appeal is waived.

III.

Turning to the question of whether BOA had standing to file the underlying lawsuit, we note that our review of all questions of subject matter jurisdiction, including standing, is *de novo*. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006). Article III standing has three elements: (1) injury in fact; (2) traceability; and (3) redressability. *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See Lujan*, 504 U.S. at 561.

Groves and Matherne challenge BOA's ability to demonstrate an injury in fact. Specifically, they argue that neither BOA nor the Trusts were the owners or holders of the notes and thus BOA does not have a "personal stake in the outcome" of the litigation. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). However, Groves and Matherne conceded in the Settlement Agreement that the Trusts owned and held the Loans at issue in the case and that BOA acted as the servicer for the Trusts.

As a general matter, parties may stipulate to facts but not legal conclusions. *See Marden v. Int'l Ass'n of Machinists and Aerospace Workers*, 576 F.2d 576, 580 (5th Cir. 1978). That is exactly what happened here. Groves and Matherne conceded facts that establish BOA's status; thus, the district court appropriately reached the resulting legal conclusion that BOA has

4

standing. *In re Deepwater Horizon*, 753 F.3d 509, 515 (5th Cir. 2014) ("[The Settlement Agreement] can be analogized to a stipulation at trial. If parties stipulate to an element of a claim, no proof at trial will be needed."); *cf. Regents of Univ. of Calif. v. Bakke*, 438 U.S. 265, 280 n.14 (1978) (finding that the university conceded the redressability element when it conceded that it could not carry its burden to show that plaintiff would not have been admitted even in the absence of an affirmative action program).

In settling the lawsuit, Appellants agreed to the facts that allow us to find that standing exists in this case. That they have subsequently changed their position is not reason to vacate the Agreed Judgment. Accordingly, we DENY BOA's motion to dismiss as to the standing question and AFFIRM the order of the district court.