# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40169
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LONNIE LANDON, also known as Chin,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-19-7

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lonnie Landon pleaded guilty to one count of conspiring to possess cocaine with intent to distribute and was sentenced to serve 262 months in prison and a five-year term of supervised release. In this appeal, he raises several challenges to his conviction and sentence.

First, he argues that his plea was involuntary because he was not advised that he faced a potential lifetime term of supervised release. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this particular claim was not presented to the district court, we consider it under the plain error standard. *See United States v. Castro-Trevino*, 464 F.3d 536, 540-41 (5th Cir. 2006). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The record shows that Landon was accurately advised that he faced a maximum sentence of life in prison. Because his potential maximum prison term and supervised release term, when added together, do not exceed the maximum possible sentence of which he was advised, the plain error standard is not met. *See United States v. Reyes*, 300 F.3d 555, 560-561 (5th Cir. 2002). Additionally, nothing in the record suggests that Landon would not have pleaded guilty had the district court informed him that it could impose a lifetime term of supervised release. *See Dominguez Benitez*, 542 U.S. at 83. Landon has not shown that his plea was involuntary because he was not informed of the potential for a lifetime term of supervised release.

Next, Landon argues that his appellate waiver is unenforceable because the Government did not fulfill its obligation to dismiss the remaining charge against him. Our review of the record refutes this assertion, as the judgment shows that the charge was dismissed. Our review of the record also shows that Landon's appeal waiver was knowing and voluntary, as he knew that he had the right to appeal and that he was giving up that right by entering the plea agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). Additionally, the waiver, which has been invoked by the Government in this appeal, precludes consideration of Landon's claims concerning his sentence. Accordingly, the

No. 14-40169

Government's motion for summary dismissal is GRANTED, and the appeal is DISMISSED. The Government's alternate motion for an extension of time in which to file a brief is DENIED.