# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60361
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY RAY CRAWFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-10-11

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Billy Ray Crawford appeals his guilty plea conviction for conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine. Specifically, he contends that trial counsel rendered ineffective assistance in connection with his guilty plea and plea agreement.

In Crawford's plea agreement, he waived "the right to appeal the conviction and sentence imposed in this case, or the manner in which that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was imposed . . . on any ground whatsoever." However, Crawford argues that the appeal waiver is not enforceable because trial counsel was ineffective in explaining the agreement. Crawford also raises other ineffective assistance claims related to the guilty plea. The Government seeks to enforce the appeal waiver and moves for dismissal of the appeal or, alternatively, summary affirmance.

To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, this court analyzes whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). For an appeal waiver to be knowing and voluntary, the defendant must know that he had a right to appeal and that he was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). In this instance, the record shows that Crawford's appeal waiver was knowing and voluntary.

Crawford's challenge to the validity of the appeal waiver rests entirely on claims of ineffective assistance of counsel. However, because the record is not sufficiently developed to allow for a fair consideration of these claims, we decline to consider them on direct appeal without prejudice to any right Crawford has to raise them on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Accordingly, the Government's motion to dismiss is GRANTED, and the appeal is DISMISSED. The Government's alternative motion for summary affirmance is DENIED.