# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50149
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NICHOLAS JOSE FLORES, also known as Nicky, also known as Nicholas J. Flores,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-177-3

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Nicholas Jose Flores pleaded guilty to: conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951; and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. In that agreement, Flores waived the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

"right to appeal his sentence on any ground", unless his constitutional rights were violated by ineffective assistance of counsel or prosecutorial misconduct.

Flores was sentenced to a within-advisory-Guidelines term of 235 months' imprisonment. In challenging that sentence, Flores asserts the district court erred by: not grouping the counts of conviction; imposing a significantly harsher sentence than that given to a similarly-situated co-defendant; and not properly considering his background when weighing the 18 U.S.C. § 3553 sentencing factors. Flores, however, does not address his appellate waiver, which the Government asserts precludes his claims. He has not filed a reply brief.

In determining whether an appeal of a sentence is barred by a plea-agreement waiver provision, we must analyze "whether the waiver[:] was knowing and voluntary[;] and . . . applies to the circumstances at hand, based on the plain language of the agreement". *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The waiver is both knowing and voluntary if Flores "indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal". *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Again, Flores fails to even mention the waiver in his brief; therefore, any challenges to its validity are abandoned. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Nonetheless, the record does not support a finding that the waiver was unknowing and involuntary. Therefore, Flores' claims about his sentence are barred because they do not fall into any of the waiver's exceptions.

Flores also contends the court abused its discretion by denying his motion to continue sentencing, in order to challenge a state-court sentence on post-conviction review. As this challenge arguably falls outside the scope of

the appellate waiver, it will be considered.  *See Bond*, 414 F.3d at 544.  In any event, courts "have broad discretion in deciding requests for continuances, and we review only for an abuse of that discretion resulting in serious prejudice". *United States v. German*, 486 F.3d 849, 854 (5th Cir. 2007).  Flores cannot show serious prejudice because the state-court relief he sought would not have affected his Guidelines sentencing range, and therefore would not have changed the outcome of his sentence.  *See United States v. Bishop*, 111 F. App'x 343, 344 (5th Cir. 2004).

AFFIRMED.