# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50831
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MICHAEL JAVIER OTTOGALLI, Also Known as Michael J. Ottogalli,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CR-104-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Under a plea agreement containing an appeal waiver, Michael Ottogalli pleaded guilty of distribution of child pornography and was sentenced to 240 months of imprisonment and 15 years of supervised release. Ottogalli contends that the district court erred in applying the five-level enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50831

under U.S.S.G. § 2G2.2(b)(3)(B) for distribution in exchange for a thing of value and in applying the two-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust. The government seeks enforcement of the appeal waiver. Ottogalli asserts that the waiver is unenforceable because the district court did not comply with Federal Rule of Criminal Procedure 11(b)(1)(N).

In determining the enforceability of an appeal waiver, we determine whether it was knowing and voluntary and "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). For a waiver to be knowing and voluntary, the defendant must know that he has the right to appeal and that he is giving up that right. *United States v. McKinney,* 406 F.3d 744, 746 n.2 (5th Cir. 2005). Because Ottogalli did not object in the district court to an alleged Rule 11(b)(1)(N) error, review is for plain error only. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011). Under that standard, Ottogalli must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Ottogalli signed the plea agreement and indicated that he had read all of it, which included the appeal waiver. The district court told him that he would be waiving certain rights by pleading guilty under the plea agreement, including the right to appeal. Ottogalli does not show that the court committed clear or obvious error. *See Puckett*, 556 U.S. at 135 ("[To be plain], the legal error must be clear or obvious, rather than subject to reasonable dispute.").

Because the appeal waiver was informed and voluntary, it bars Ottogalli's sentencing claims. *See Bond*, 414 F.3d at 544. Accordingly, the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.