# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20495
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
July 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE CLARK STEPHENS,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-576-2

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jermaine Clark Stephens pleaded guilty to interference with commerce by robbery and was sentenced to serve 168 months in prison and a three-year term of supervised release. He argues that trial counsel rendered ineffective assistance by not challenging the inclusion of certain convictions in his criminal history score. Because he did not raise this issue in the district court, the record is not sufficiently developed to permit a fair evaluation of the claim,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20495

and we decline to consider it without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Additionally, Stephens argues that the district court's guidelines calculations were plainly erroneous. The Government argues that consideration of this claim is precluded by the appeal waiver in the plea agreement. To determine whether an appeal of a sentence is barred by a waiver provision in a plea agreement, we analyze whether the waiver was knowing and voluntary and whether the waiver applies to the appeal, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The record shows that the waiver was knowing and voluntary, and the waiver covers Stephens's sentencing claim. Accordingly, consideration of this claim is barred by the appeal waiver. *See id.*

AFFIRMED.