# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40057
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONEL GUALDRON-LAMUS, also known as El Electrico,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-189-2

Before DAVIS, PRADO, and COSTA, Circuit Judges.

PER CURIAM:[*]

Leonel Gualdron-Lamus appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to manufacture and distribute cocaine. He argues that the district court plainly erred in not applying a two-level "safety valve" reduction to his offense level pursuant to U.S.S.G. § 2D1.1(b)(17). To the extent his appeal waiver precludes this claim, he also "invokes" the waiver's reserved exception for claims of ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance of counsel due to counsel's failure to object to the lack of a § 2D1.1(b)(17) reduction.  The Government moves for summary dismissal of the appeal based upon the appeal waiver or, alternatively, for an extension of time to file a brief.

We review the validity of an appeal waiver de novo.  *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  The written plea agreement and the rearraignment transcript reflect that Gualdron-Lamus knowingly and voluntarily agreed to the appeal waiver, making the appeal waiver enforceable.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  Gualdron-Lamus's challenge to his sentence does not fall within the exceptions to the appeal waiver for a claim that his sentence exceeded the statutory maximum and for claims of ineffective assistance of counsel.  Accordingly, his appeal is barred by the waiver.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

To the extent that Gualdron-Lamus is raising a claim of ineffective assistance of counsel on direct appeal, the record is not sufficiently developed to permit direct review of this claim.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  Because that is usually the case, a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel.  *See Massaro v. United States*, 538 U.S. 500, 503-09 (2003).  The appeal is therefore DISMISSED without prejudice to Gualdron-Lamus's right to pursue an ineffective assistance of counsel claim in a § 2255 proceeding.  We GRANT the Government's motion to dismiss the appeal, and we DENY the Government's alternative motion for an extension of time to file a brief.