# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50508
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OTONIEL FLORES-PORRAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2958-2

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Otoniel Flores-Porras pleaded guilty, pursuant to an agreement, to (1) conspiring to possess a controlled substance with intent to distribute, and (2) conspiring to launder monetary instruments. His punishments included concurrent sentences of 63 months of imprisonment. On appeal, Flores-Porras argues that the district court erred by failing to give him credit for the time he was in detention in Mexico prior to being extradited to the United States,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50508

resulting in an unreasonable sentence.  The Government seeks enforcement of the appeal-waiver provision of the plea agreement.

We review the validity of an appeal waiver de novo.  *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  In assessing the enforceability of an appeal waiver, we determine whether the waiver is knowing and voluntary and "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement."  *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  For an appeal waiver to be knowing and voluntary, the defendant must know that he has the right to appeal and that he is giving up that right.  *United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005).

At rearraignment, Flores-Porras was specifically advised of the waiver-of-appeal provision contained in his plea agreement, and he indicated both that he was aware that he had the right to appeal and that he was agreeing to waive the right to appeal except in limited circumstances, which are inapplicable here.  There is nothing in the record to suggest that Flores-Porras "did not understand or was confused by the waiver-of-appeal provision."  *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  Flores-Porras's challenge to his sentence is covered by the waiver.  *See Bond*, 414 F.3d at 544.  Because the waiver provision applies, we dismiss the appeal.  *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992).

Finally, although not raised by either party, the written judgment contains a clerical error.  The district court orally pronounced a fine in the amount of $1,000, but the written judgment indicates that the amount of the fine is $2,000.  "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls."  *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).  In view of the foregoing, we remand for the limited purpose of correcting the written judgment to reflect a

2

fine in the amount ordered orally by the district court. *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 223 (5th Cir. 2015).

APPEAL DISMISSED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN THE JUDGMENT.