# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 18-20676
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MASON ALLEN STAGGS,

Defendant-Appellant

—————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-680-1

—————

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Mason Allen Staggs appeals the 120-month within-guidelines sentence imposed following his guilty plea conviction for stealing firearms from a federally licensed dealer, in violation of 18 U.S.C. § 924(m). He first argues that the district court plainly erred in determining his base offense level under U.S.S.G. § 2K2.1(a)(4)(B). Staggs pleaded guilty pursuant to a plea agreement wherein he waived the right to appeal his conviction and sentence on any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ground, reserving only a claim of ineffective assistance of counsel. The Government seeks enforcement of the appeal waiver.

Our review of the record shows that the waiver was knowing and voluntary, as he knew that he had the right to appeal and that he was giving up that right by entering into the plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). Thus, the waiver precludes consideration of Staggs's challenge to the base offense level. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Staggs also argues that he was denied the effective assistance of counsel because counsel failed to challenge the base offense level on the ground that his Texas juvenile adjudications did not qualify as convictions for purposes of § 2K2.1(a)(4)(B). He asserts that the record is sufficiently developed to consider this claim on direct appeal.

The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 503-09 (2003). Contrary to Staggs's argument, his claim was not developed sufficiently in the district court to enable this court to evaluate it. *See United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). We therefore decline to consider Staggs's ineffective assistance of counsel claim without prejudice to his right to assert the claim on collateral review. *See United States Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *Higdon*, 832 F.2d at 314.

Accordingly, the appeal is DISMISSED.