# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2019

Lyle W. Cayce
Clerk

No. 18-10704
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT GILLIAM,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-283-5

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Robert Gilliam was convicted, pursuant to his guilty plea, of conspiring to commit mail fraud in violation of 18 U.S.C. §§ 371 and 1341. The guilty plea was pursuant to an agreement wherein he waived the right to appeal his conviction and sentence, reserving only the rights to: (1) bring a direct appeal of (a) a sentence exceeding the statutory maximum punishment, (b) an upward departure from the guidelines range, or (c) an arithmetic error at sentencing;

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10704

and (2) bring a claim of ineffective assistance of counsel. The district court imposed a sentence of 60 months of imprisonment, and it ordered Gilliam to pay a total of $13,479,407.09 in restitution.

On appeal, Gilliam claims that the district court committed a reversible, factual error in determining the amount of loss under U.S.S.G. § 2B1.1. In this regard, he asserts that there was not sufficient evidence to support the determination that he was responsible for the entire loss caused by the conspiracy. Gilliam also claims that his restitution order exceeds the statutory maximum because he has been punished for a loss that was not the result of his criminal conduct. The Government seeks enforcement of the appeal waiver.

Our review of the record shows that the appeal waiver was knowing and voluntary, as Gilliam knew that he had the right to appeal and that he was giving up that right by entering into the plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). Gilliam's challenge to the § 2B1.1 loss calculation does not concern a sentence in excess of the statutory maximum, an upward departure, or an arithmetic error, and therefore does not fall within an exception to the appeal waiver provision. *See* § 371. Further, Gilliam's challenge to the restitution order does not fall within the exception for a sentence exceeding the statutory maximum punishment because Gilliam does not argue that the amount awarded as restitution exceeds the victims' actual losses. *See United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012). Thus, the valid appeal waiver precludes consideration of these claims. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Gilliam also claims that his counsel was ineffective because counsel did not make certain that the district court was aware of an alternative loss figure

No. 18-10704

proposed by the Government.  The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel.  *Massaro v. United States*, 538 U.S. 500, 503-09 (2003). Here, as Gilliam did not raise an ineffective assistance claim in the district court, the record is not sufficiently developed to permit review of the claim on direct appeal.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Cervantes*, 706 F.3d 603, 621 (5th Cir. 2013).  We therefore decline to consider Gilliam's ineffective assistance of counsel claim without prejudice to his right to assert the claim on collateral review.  *See Isgar*, 739 F.3d at 841; *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).

The appeal is DISMISSED.